# United States District Court

CENTRAL DISTRICT OF ILLINOIS

FILED
AUG 2 5 2010
PAMELA E. ROBINSON, CLERK
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA

v.

RONALD ALAN SEIVER

CRIMINAL COMPLAINT

CASE NUMBER: 10- 6426 -M

I, the undersigned complainant, being duly sworn state the following is true and correct to the best of my knowledge and belief.

### COUNT ONE
### (Possession of Child Pornography)

On or about August 24, 2010, in Warren County, in the Central District of Illinois and elsewhere, the defendant,

**RONALD ALAN SEIVER,**

did knowingly possess at least twenty-four images that were saved and stored on a computer hard drive, a thumb drive storage device, and other data storage devices, with each image constituting child pornography as defined in Title 18, United States Code § 2256(8), in that the production of such visual depictions involved the use of a minor engaging in sexually explicit conduct, with said images having been shipped and transported in interstate and foreign commerce by any means, including by computer, and that was produced using materials that had been mailed, and shipped and transported in interstate and foreign commerce by any means, including by computer, all in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and (b)(2).

### COUNT TWO
### (Sexual Exploitation of a Child)

From at least October 1, 2008, through at least November 30, 2008, in Champaign County, in the Central District of Illinois and elsewhere, the defendant,

**RONALD ALAN SEIVER,**

did knowingly employ, persuade, induce, entice, and coerce a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct knowing or having reason to know that such visual depiction would be transported or transmitted using any means or facility of interstate and foreign commerce and that the visual depiction was produced

using materials that have been transported in interstate and foreign commerce, including by computer, all in violation of Title 18, United States Code, Sections 2251(a) and (e).

I further state that I am a Special Agent with the U.S. Department of Homeland Security, Immigration and Customs Enforcement, and that this Complaint is based on the following facts:

See attached Affidavit in Support of Complaint which is made a part hereof.

Continued on the attached sheets and made a part hereof: ☒ Yes ☐ No

s/ Dwayne E. Haferkamp

Signature of Complainant
Special Agent Dwayne E. Haferkamp
Immigration and Customs Enforcement

Sworn to before me and subscribed in my presence,

August 25, 2010    at    Peoria, Illinois
Date                                              City and State

s/John A. Gorman

John A. Gorman, U.S. Magistrate Judge
Name & Title of Judicial Officer                 Signature of Judicial Officer

# AFFIDAVIT

I, Dwayne E. Haferkamp, being duly sworn, depose and state:

1. I am a Special Agent (SA) with the U.S. Department of Homeland Security, Immigration and Customs Enforcement (ICE), assigned to the Resident Agent in Charge in Springfield, Illinois. I have been employed as a Special Agent since August of 2009. As part of my duties as an ICE agent, I investigate criminal violations relating to child exploitation and child pornography including violations pertaining to the illegal production, distribution, receipt and possession of child pornography, in violation of 18 U.S.C. §§ 2252(a) and 2252A. I have received training in the area of child pornography and child exploitation at the Federal Law Enforcement Training Center in Glynco, Georgia and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256)[1] in various forms of media including that of computer media.

2. This affidavit is based upon information I have gained from my investigation, my training and experience, as well as information provided by other law enforcement agents involved in this and other computer crime investigations.  Since this affidavit is being submitted for the limited purpose of securing a criminal complaint and arrest warrant, I have not included each and every fact known to me concerning this

---

[1] "Child Pornography means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where – (A) the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct; . . . [or] (C) such visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaging in sexually explicit conduct." For conduct occurring after April 30, 2003, the definition also includes "(B) such visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from that of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8).

investigation.

3. This Affidavit is submitted in support of a criminal complaint and arrest warrant for RONALD ALAN SEIVER ("SEIVER"), a white male, 29 years of age, who resides at 1042 US Highway 67, Roseville, Illinois 61473, for the possession of child pornography in violation of Title 18, United States Code, Section 2252A(a)(5)(B) and sexual exploitation of a child in violation of Title 18, United States Code, Section 2251(a) and (e).

## INVESTIGATION

4. On January 7, 2010 at 9:30 P.M. Eastern Daylight Time (EDT) an individual utilizing the screen name/user name "DAVID SMITH" on facebook.com sent a link via facebook.com to the stepmother of a 13-year old female that contained pornographic images of the 13-year old female. The images were located on the yfrog.com website. The link was accompanied with the following message: "is J.H. ur daughter? U need 2 tell dat slut 2 stop getting naked on cam on blogtv n on msn 4 ppl. she also say she had sex over 100 times since she was 9 yrs old."

5. The incident was subsequently reported to the London Police Services (LPS) in Ontario, Canada, were the victim and her step-mother resided, and an investigation commenced. On January 11, 2010, Detective Constable (DC) Jeremy Dann, a member of the cyber crimes unit for the LPS, accessed the yfrog.com website that contained the photographs of the 13-year old victim and noted that the photographs appeared to be stills from an audio video interleave (avi) file that was 10 minutes and 13 seconds in duration. The avi file had been named "cassyslut.avi." DC Dann conducted a query of the yfrog.com account and found it to be a sub site of Imageshack, a popular internet site that

2

provides file and image sharing services. DC Dann concluded that the images of child pornography had been uploaded to yfrog.com on January 8, 2010, at 02:22:18 Greenwich Mean Time (GMT) from Internet Protocol address (IP address) 74.36.163.43. DC Dann determined that the IP address 74.36.163.43 was assigned to the Internet Service Provider (ISP) Frontier Communications located at 180 South Clinton Avenue, in Rochester, New York.

6. Following this investigation, LPS advised the Royal Canadian Mounted Police (RCMP) National Child Exploitation Coordination Centre (NCECC) that images of a 13-year old female resident of London, Ontario, Canada, had been uploaded onto the yfrog.com website via an internet service provider located in Rochester, New York. The RCMP provided the ICE Attache in Ottawa, Canada, with an investigative referral. In turn, the matter was referred to the ICE SAC in Buffalo, New York.

7. On April 6, 2010, Frontier Communications advised that at the time the images were uploaded to the yfrog.com site on January 8, 2010, at 02:22:18 GMT, from IP address 74.36.163.43, the subscriber assigned to that IP address was SEIVER, located at 1042 US Highway 67, Roseville, Illinois 61473.

8. Based on this information, a collateral was sent to the ICE RAC Springfield office and the case was assigned to SA Haferkamp.

9. During his investigation of this matter, SA Haferkamp reviewed the images posted on the yfrog.com site from IP address 74.36.163.43 on January 8, 2010, and concluded, based on his training and experience, that two (2) of the images depicted child pornography (as defined in 18 U.S.C. § 2256).

10. On April 28, 2010, SA Haferkamp conducted a check in CLEAR for 1042 US Highway 67, Roseville, Illinois 61473. CLEAR consolidates public records including addresses, driver's licenses, property deed transfers and corporate information. According to the CLEAR check, associated with this address were SEIVER, Brian Addis, April Addis, Jeanne G. Alexander, and Douglas E. Alexander.

11. On August 24, 2010, a search warrant was executed at for 1042 US Highway 67, Roseville, Illinois 61473. SEIVER was located inside the residence in a second floor bedroom. In that same bedroom, agents located an Acer Aspire Model 5720 laptop computer and a Sandisk 16 gigabyte thumb drive, which was found under the mattress of the bed. After seizing both of these items, agents conducted a preview search of files on the laptop computer and on the thumb drive. Through this preview search, agents identified 24 images depicting child pornography on the thumb drive. For example, the following images of child pornography were among the 24 found on the Sandisk 16 gigabyte thumb drive:

   a. 1281699675502.jpg: an image file depicting a pre-pubescent female engaged in sexual intercourse with an adult male.

   b. 1281700066492.jpg: an image file depicting a pre-pubescent female engaged in sexual intercourse with an adult male who is holding the pre-pubescent female's head back by her hair.

4

  c. 1281703949138.jpg: an image file depicting a pre-pubescent female engaged in sexual intercourse with an adult male. The pre-pubescent female's legs are spread apart and bound by duct tape.

12. On August 24, 2010, SEIVER consented to an interview with federal agents after being advised of his *Miranda* rights and waiving those rights in writing. During the interview, SEIVER admitted that he had had a sexual relationship with a 16- year old minor female from Rantoul, Illinois, in the fall of 2008. SEIVER told agents that he had encountered the girl online, and had subsequently met with her twice in person during the fall of 2008 to have sex. SEIVER admitted to agents that he knew at that time that the girl was 16-years old. SEIVER also stated that he took photographs of the 16-year old female during one of the sexual encounters with a Samsung digital camera. SEIVER told agents that he transferred these images to his computer, and then, eventually, moved these and other image files to his thumb drive in order to free-up space on his computer's hard drive. Agents reviewed two images on the Sandisk thumb drive depicting child pornography that were taken during a sexual encounter between SEIVER and the minor child:

  a. SC300173.jpg: an image file depicting a nude minor female lying on her back while SEIVER performs oral sex on the minor female.

  b. SC300172.jpg: an image file depicting a nude minor female lying on her back with her legs spread apart, which displays the minor female's genitalia in a lewd and lascivious manner.

5

13. SEIVER admitted that the thumb drive that contained the images of child pornography was his, and that he kept it under his mattress to keep it from being broken. The Sandisk 16 gigabyte thumb drive that contained the images of child pornography was manufactured in China. The Samsung digital camera was also manufactured in China.

FURTHER AFFIANT SAYETH NOT.

s/ Dwayne E. Haferkamp

Dwayne E. Haferkamp
Special Agent,
Department of Homeland Security
U.S. Immigration and Customs Enforcement
Office of Investigations

Subscribed and sworn
before me this 25th day of August, 2010
s/John A. Gorman

HONORABLE JOHN A. GORMAN
UNITED STATES MAGISTRATE JUDGE

6