UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Crim. No. 10-40091 |
| ) | |
| RONALD A. SEIVER, ) | Hearing Requested |
| ) | |
| Defendants. ) | |

MOTION TO SUPPRESS EVIDENCE

Now comes the Defendant, RONALD A. SEIVER, by his attorney, and pursuant to Rule 12(b)(3), Fed.R.Crim.P., moves this Court for the entry of an Order suppressing (a) all items of physical evidence which were seized from the Defendant's residence by officers and agents of the United States Immigration and Customs Enforcement, Department of Homeland Security, on August 24, 2010; and (b) all statements, whether written or oral, which are alleged to have been made to Special Agents Thomas Berola and Dwayne Haferkamp of the United States Immigration and Customs Enforcement, Department of Homeland Security, on August 24, 2010.

As grounds therefore, the Defendant states as follows:

I. STATEMENT OF FACTS

1.  That on August 16, 2010, Special Agent Dwayne Haferkamp of the United States Immigration and Customs Enforcement, Department of Homeland Security, appeared

before United States Magistrate Judge Thomas J. Shields and presented to the Court an Application For Search Warrant to search the premises located at 1042 U.S. Highway 67, Roseville, Illinois, for evidence of child pornography. Attached hereto and marked "Exhibit 1" is a true and correct copy of Agent Haferkamp's application for search warrant.

2. That in setting forth a probable cause basis for the search warrant, Agent Haferkamp's prolix application essentially states that on January 7, 2010, a subject utilizing a facebook.com screen/user name of "David Smith" sent a message to "D.W" containing a link to a yfrog.com page that included sixteen digital images of child pornography. The link was accompanied with the following message: "Is J.H. ur daughter? U need 2 tell dat slut 2 stop getting naked on cam on blogtv n on msn 4ppl. She also say she had sex over 100 times since she was 9 yrs old." (Exhibit 1, ¶ 9).

3. Agent Haferkamp's application went on to state that on January 8, 2010, "D.W." reported the message to law enforcement authorities in London, Ontario, Canada (Exhibit 1, ¶ 10), and on January 11, 2010, the Canadian law enforcement authorities' confirmed that the message and images that "D.W." was alleged to have received on January 7, 2010, were traced to a computer with an IP address of 74.36.163.43. (Exhibit 1, ¶ 15). Subsequently, ICE agents in upstate New York, acting in conjunction with the Canadian authorities, issued subpoenas to Frontier Communications, Inc., the internet service provider of IP address 74.36.163.43., and on April 28, 2010, ICE confirmed that 74.36.163.43 was registered to the Defendant at 1042 U.S. Highway 67, Roseville, Illinois. (Exhibit 1, ¶ 20-

21).

4. That based upon the information contained in Agent Haferkamp's application, Magistrate Judge Shields issued a search warrant on August 16, 2010, to search the premises located at 1042 U.S. Highway 67, Roseville, Illinois. Attached hereto and marked "Exhibit 2" is a true and correct copy of the search warrant.

5. That on August 24, 2010, at approximately 9:45 a.m., numerous officers and agents of the United States Immigration and Customs Enforcement, all of them armed and dressed in para-military garb, converged on the premises located at 1042 U.S. Highway 67, Roseville, Illinois, to execute the search warrant.

6. That following their forcible entry into the premises, said agents encountered the Defendant at gunpoint in his bedroom and handcuffed his hands and ankles and escorted him to the kitchen room for questioning.

7. That while the Defendant was detained in the kitchen, said agents also detained the Defendant's elderly parents and his adult sister and searched the Defendant's bedroom and other portions of the premises. As a result of their search of the premises, said agents are alleged to have seized various items of physical evidence, including, but not limited to, one desktop computer, one laptop computer, one "flash drive" and other computer storage media, which the Government will use as evidence against the Defendant at the trial of this cause. A true and correct copy of the agents' inventory of all items seized is attached hereto and marked "Exhibit 3".

8. That following their search of the Defendant's residence, Agents Berola and Haferkamp interrogated the Defendant at the residence and allegedly obtained various oral statements from the Defendant which the Government will seek to use as evidence at the trial of this cause.

9. That prior to questioning the Defendant, Agent Berola told the Defendant that he was not in custody and not under arrest. Agent Berola further told the Defendant that he [Berola] "did not plan on arresting" the Defendant, and affirmatively mislead the Defendant as to the import of the *Miranda* warnings that were administered to the Defendant at the outset of the interview and the rights that Defendant was waiving.

10. That at no time either prior to or during said interrogation did the Defendant ever knowingly, intelligently, and voluntarily waive any of his rights under the Fifth Amendment and *Miranda v. Arizona*, 384 U.S. 436 (1966). Further, Agents Berola and Haferkamp induced the Defendant to speak to them by assuring the Defendant that he was not under arrest, and that the agents did not plan on arresting the Defendant in connection with their execution of the search warrant.

11. That during the course of the interrogation, the Defendant's mother, who was present at the premises in the adjoining room, underwent a stress induced fybromyalgic seizure requiring emergency medical personnel to come to the premises and to transport her to a local hospital via an ambulance. During that period where the Defendant's mother was undergoing her seizure and was being attended to by emergency medical personnel in the

premises, Agents Berola and Haferkamp persisted in interrogating the Defendant, without interruption, in the adjoining room, knowing that the Defendant was fully aware of his mother's serious medical condition and was greatly distressed thereby.

12. That at the conclusion of the hour-long interrogation, Agents Berola and Haferkamp arrested the Defendant, and on August 25, 2010, the Defendant appeared in federal court in Rock Island, Illinois, and was charged by complaint with possession and production of child pornography in violation of Title 18 U.S.C. §§ 2252A(a)(5)(B) and (b)(2) and Title 18 U.S.C. §§ 2251(a) and (c), respectively.

## II. LEGAL CLAIMS

13. That Agent Haferkamp's affidavit for search warrant fails to set forth sufficient facts which would lead a neutral and detached magistrate reasonably to conclude that there was probable cause to believe that evidence of child pornography would be present at the Defendant's residence. *Illinois v. Gates*, 462 U.S. 213 (1983); *Sgro v. United States*, 287 U.S. 206, 53 S.Ct. 138, 77 L.Ed.2d 260 (1932). Indeed, the only reference in the agent's affidavit where child pornography was traced to Defendant's IP address was the January 7, 2010, facebook message sent by "David Smith" to "D.W." that contained a link to a yfrog.com page that included 16 digital images of child pornography--an email and attachment sent over eight months before Agent Haferkamp appeared before Magistrate Judge Shields on August 16, 2010, and requested issuance of the search warrant. Such information is too stale and remote to establish probable cause that evidence of child

pornography would be present at the Defendant's residence at the time of the issuance of the warrant. Moreover, such evidence of a single upload or attachment of sixteen digital images of child pornography to the facebook message fails to establish a continuing course of criminal conduct on which probable cause for a search warrant could be based. *United States v. Zimmerman*, 277 F.3d 26 (3rd Cir. 2002)( "rambling boilerplate recitations in a search warrant affidavit designed to meet all law enforcement needs do not produce probable cause"); *United States v. Weber*, 923 F.2d 1338, 1341-1344 (9th Cir. 1990)("affidavit did not establish probable cause that the defendant was a child molester when it was "clear that the 'expert' portion of the affidavit was not drafted with the facts of this case or this particular defendant in mind").

14.     That Agent Haferkamp's affidavit is so conclusory in its allegations and so plainly deficient in establishing probable cause to search the Defendant's residence that no reasonably trained officer would believe, in good faith, that the warrant was valid. *United States v. Leon*, 468 U.S. 897, 923, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)(fruits of a search pursuant to a warrant should not be suppressed unless the officers who conducted it could not reasonably have believed that the warrant was supported by probable cause); *Owens v. United States*, 387 F.3d 607 (7th Cir. 2004)(affidavit deficient where it alleged crack sale at house three months earlier and little else); *United States v. Zimmerman*, 277 F.3d 426, 437 (3d Cir.2002)("The good faith exception to the exclusionary rule is not a magic lamp for police officers to rub whenever they find themselves in trouble"; no good faith where

information was stale, investigation was minimal, and warrant authorized search for items when nothing in affidavit indicated that such items would be present at defendant's home); *United States v. Weaver*, 99 F.3d 1372, 1380-81 (6th Cir. 1996); *United States v. Hython*, 443 F.3d 480, 488-89 (6th Cir. 2006)(reliance unreasonable where affidavit detailed only one controlled purchase, failed to provide date of that transaction, and contained no evidence of ongoing criminal activity).

15.     That all of the physical evidence that is the subject of this motion was seized and obtained from the Defendant's residence in violation of the Defendant's rights secured under the Fourth Amendment to the United States Constitution.  *Wong Sun v. United States*, 371 U.S. 471, 479-84 (1963).

16.     That all of the statements which are alleged to have been made by the Defendant were involuntary and not made pursuant to a knowing and intentional and voluntary waiver of his rights under the Fifth Amendment to the United States Constitution, *Miranda v. Arizona*, 384 U.S. 436 (1966), and *United States v. Dickerson*, 530 U.S. 428 (2000), and/or were the fruits of the officers' execution of the defective search warrant issued in this case.  *Wong Sun v. United States*, 371 U.S. 471, 479-84 (1963); *Brown v. Illinois*, 422 U.S. 590 (1975); *Dunaway v. New York*, 442 U.S. 200 (1979); *Taylor v. Alabama*, 457 U.S. 687 (1982).

WHEREFORE, Defendant requests the entry of an Order suppressing (a) all items of physical evidence which were seized from the Defendant's residence by officers and agents

of the United States Immigration and Customs Enforcement, Department of Homeland Security, on August 24, 2010; and (b) all statements, whether written or oral, which are alleged to have been made to Special Agents Thomas Berola and Dwayne Haferkamp of the United States Immigration and Customs Enforcement, Department of Homeland Security, on August 24, 2010.

        RONALD A. SEIVER, Defendant

        /s/George F. Taseff
        Ill. Bar Number: 6180419
        Attorney for Defendant
        Assistant Federal Public Defender
        401 Main Street, Suite 1500
        Peoria, Illinois 61602
        Phone: 309/671-7891
        FAX:   309/671-7898
        Email: george_taseff@fd.org

## CERTIFICATE OF SERVICE

     I hereby certify that on  December 10, 2010, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. Michael D. McCoy, Assistant United States Attorney, 1830 Second Avenue, Suite 320, Rock Island, IL 61201.

        /s/George F. Taseff
        Ill. Bar Number: 6180419
        Attorney for Defendant
        Assistant Federal Public Defender
        401 Main Street, Suite 1500
        Peoria, Illinois 61602
        Phone: 309/671-7891
        FAX:   309/671-7898
        Email: george_taseff@fd.org