AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Central District of Illinois

FILED
AUG 27 2010
CLERK OF THE COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br><br>1042 US Highway 67, Roseville, Illinois, and all appurtenances thereto and improvements thereon | )<br>)<br>)    Case No. 10-md-4032<br>)<br>)<br>) |

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____Central_____ District of _____Illinois_____
*(identify the person or describe the property to be searched and give its location)*:
1042 US Highway 67, Roseville, Illinois, and all appurtenances thereto and improvements thereon, more particularly described in Attachment A

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See attachment B

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before    August 30, 2010   ~~August 25, 2010~~
                                                                          *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m.    ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Thomas J. Shields                                     .
                        *(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for _____ days *(not to exceed 30)*.
                                                                      ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  August 16, 2010 at 3:03 p.m.
                                                                        _____
                                                                              *Judge's signature*

City and state:   Rock Island, Illinois                      Thomas J. Shields, Chief U.S. Magistrate Judge
                                                                              *Printed name and title*

AO 93.(Rev. 12/09) Search and Seizure Warrant (Page 2)

## Return

| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
|---|---|---|
| I007RL10OT0043 | 08/24/2010 at 0945 hrs | Ronald Alan SEIVER |

Inventory made in the presence of:
Dwayne Haferkamp, Eric Bowers, and Ronald Alan SEIVER

Inventory of the property taken and name of any person(s) seized:
One Emachine EL1200 Serial Number PTNAE0Y005847002284300I.
One Acer Aspire 5720 Laptop Serial Number 74110014116.
One Argus DC1730 Digital Camera Serial Number DC17300304167.
One Black Berry 8130 & Cable ESN 07616343290.
One Kyocera Cell Phone & Cable Serial Number F000000214258.20.
One San Disk 16 Giga Bite thumb drive.
One 1 Giga Bite SD Card
Five panties.
One Check creation Kit.
One Mail Package from Chipman.
One Frontier Communications bill.
Three Verizon Documents.
Two Bags containing "package" with counterfeit checks/money orders.
Twelve Compact Disk's (CD).
Twenty-Two DVDs.
Six 3½ floppy disk.
Fourteen VHS Tapes.
Ten mini DVDs.
Three Miscellaneous Documents.

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 8/27/2010

Executing officer's signature

Special Agent Dwayne E. Haferkamp
Printed name and title

## ATTACHMENT A

*DESCRIPTION OF LOCATION TO BE SEARCHED:*

The SUBJECT PREMISES (pictured below) to be searched is more particularly described as: a two story farm house with light green siding and brown shingles on the roof. The residence has a natural-wood colored split-rail fence located on the West side of the house partially covering the patio area. There are also two concrete porches with coverings, one located to the South and the other to the East of the house. The house number, "1042" is displayed in yellow on the mailbox that is located across 105 Avenue to the South of the house. Immediately adjacent to the house are two structures. The first is more particularly described as a shed like structure located to the North West of the house. The shed has yellow colored siding and a light in color metallic roof. The second structure is a large modern barn with all white siding. The large barn has two entry/exit points; a two car garage sized door on the West side, and a larger entry/exit point to the North side of the structure. These two out buildings are close enough in proximity to the house that if wired to as such may be used to store a computer that is either directly or indirectly connected to the Internet Service Provider (ISP) located at the premises.



## ATTACHMENT B

*ITEMS TO BE SEIZED:*

The following items to be seized constitute evidence of violations of Title 18, United States Code, Sections 2252A(a)(2) and 2252A(a)(5)(B), which may be found at the SUBJECT PREMISES:

a. Materials depicting or containing child pornography, as defined in Title 18, United States Code, Section 2256.

b. Any record or document pertaining to the possession, receipt, distribution and/or reproduction of child pornography, as defined in Title 18, United States Code, Section 2256.

c. Any record or document identifying persons transmitting, through interstate commerce, including by computer, any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

d. Any record or document bearing on the production, receipt, shipment, orders, requests, trades, purchases or transactions of any kind involving the transmission through interstate commerce, including by computer, of any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

e. Any record or document pertaining to the preparation, purchase, and acquisition of names or lists of names to be used in connection with the purchase, sale, trade, or transmission, through interstate commerce of any visual depiction of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

f. Any record or document which lists names and addresses of any minor visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

g. Any record or document which shows the offer to transmit through interstate commerce any depictions of a minor engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256.

h. Any items displayed in the child pornographic images posted by the suspect to the Internet chat room described within the Affidavit herein.

i. Any and all materials or items which are sexually arousing to individuals who are interested in minors, but which are not in and of themselves obscene or which do not necessarily depict minors involved in sexually explicit conduct. Such material is commonly known as "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, missing children, investigative techniques of child exploitation, sexual disorders, pedophilia, nudist publications, diaries, and fantasy writings. "Child erotica" may also include, in this context, sex aids and/or toys.

j. Electronically stored communications or messages reflecting computer on-line chat sessions or e-mail messages with a minor that are sexually explicit in nature, as defined in Title 18, United States Code, Section 2256.

k. Any documents, records, programs, or applications that identify the residents of the SUBJECT PREMISES.

l. Any documents, records, programs or applications that identify the Internet service provided to the SUBJECT PREMISES.

  m. Any documents, records, programs, or applications tending to demonstrate the actual user(s) of computers found at the SUBJECT PREMISES.

  n. As used above, the terms records, documents, programs, applications or materials include records, documents, programs, applications or materials created, modified or stored in any form.

  o. In searching for data capable of being read, stored or interpreted by a computer, law enforcement personnel executing this search warrant will employ the following procedure:

    i. Upon securing the premises, law enforcement personnel trained in searching and seizing computer data (the "computer personnel") will make an initial review of any computer equipment and storage devices (collectively the "computer devices") to determine whether the computer devices can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve data contained on the computer devices.

    ii. If the computer devices can be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve data, they will be searched on-site, and a computer device will be seized only if the search reveals it to contain any data that falls within the list of items to be seized set forth herein.

    iii. If the computer devices cannot be searched on-site in a reasonable amount of time and without jeopardizing the ability to preserve data, then the computer devices will be seized and transported to an appropriate law enforcement laboratory for review. The computer devices will be reviewed by appropriately trained

28

personnel in order to extract and seize any data that falls within the list of items to be seized set forth herein.

    iv. In searching the computer devices, the computer personnel may examine all of the data contained in the computer devices to view their precise contents and determine whether the data falls within the items to be seized as set forth herein. In addition, the computer personnel may search for and attempt to recover "deleted," "hidden" or encrypted data to determine whether the data falls within the list of items to be seized as set forth herein.

    v. If the computer personnel seize the computer devices pursuant to subparagraph iii above, the computer personnel will search the computer devices or data images within a reasonable amount of time not to exceed 60 days from the date of execution of the warrant. If, after conducting such a search, the case agents determine that a computer device contains any data falling within the list of items to be seized pursuant to this warrant, the government will retain the computer device; otherwise, the government will return the computer device. If the government needs additional time to determine whether the data on the computer devices falls within any of the items to be seized pursuant to this warrant, it may seek an extension of the time period from the Court within the original sixty day period from the date of execution of the warrant.

  p. In order to search for data that is capable of being read or interpreted by a computer, law enforcement personnel will need to seize and search the following items, subject to the procedures set forth above:

29

       i. Any computer equipment and storage device capable of being used to commit, further or store evidence of the offense listed above;

       ii. Any computer equipment used to facilitate the transmission, creation, display, encoding or storage of data, including word processing equipment, modems, wireless and wired routers, wireless cards, docking stations, monitors, printers, plotters, encryption devices, and optical scanners;

       iii. Any magnetic, electronic or optical storage device capable of storing data, such as floppy disks, hard disks, tapes, CD-ROMs, CD-R, CD-RWs, DVDs, optical disks, printer or memory buffers, smart cards, PC cards, memory calculators, electronic dialers, electronic notebooks, cellular telephones, and personal digital assistants;

       iv. Any documentation, operating logs and reference manuals regarding the operation of the computer equipment, storage devices or software.

       v. Any applications, utility programs, compilers, interpreters, and other software used to facilitate direct or indirect communication with the computer hardware, storage devices or data to be searched;

       vi. Any physical keys, encryption devices, dongles and similar physical items that are necessary to gain access to the computer equipment, storage devices or data; and

       vii. Any passwords, password files, test keys, encryption codes or other information necessary to access the computer equipment, storage devices or data.