UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Crim. No. 10-40091 |
| | ) |
| RONALD ALAN SEIVER, | ) |
| | ) |
| Defendant. | ) |

DEFENDANT'S OBJECTIONS TO PRESENTENCE REPORT
AND COMMENTARY ON SENTENCING FACTORS

Now comes the Defendant, RONALD ALAN SEIVER, by his attorney, and for the reasons that follow, respectfully requests that this Court sentence the Defendant to a term of imprisonment of 120 months on count 1 (possession of child pornography), and a term of imprisonment of 180 months on count 2 (production of child pornography), said terms to run concurrently. Such a disposition would be a sufficient, but not greater than necessary, sentence in consideration of the nature and circumstances of the offense, and the history and characteristics of Mr. Seiver.

I.   Objections to Presentence Report

Pursuant to Rule 32(b)(6), Fed.R.Crim.P., and Local Rule 32.1, Mr. Seiver submits the following objections to the presentence report ("PSR"), as are summarized in the Addendum thereto, with appropriate amendments:

1

1.  Page 5, ¶ 10: The Offense Conduct

Mr. Seiver categorically denies that he "threatened to post nude pictures of the [Rantoul, Illinois,] minor on pornographic web sites along with her address and phone number" in response to her ending her relationship with him.

He further contends that the information contained in this paragraph lacks sufficient indicia of reliability to support its probable accuracy, and should be stricken from the PSR.  U.S.S.G. § 6A1.3(a).

2.  Page 5, ¶ 11: The Offense Conduct

Mr. Seiver categorically denies the entire contents of paragraph 11 concerning the Locust Grove, Georgia, minor "J.L."  He further contends that the information contained in his paragraph lacks sufficient indicia of reliability to support its probable accuracy and and should be stricken from the PSR.  U.S.S.G. § 6A1.3(a).

3.  Page 5, ¶ 12: The Offense Conduct

Mr. Seiver categorically denies the entire contents of paragraph 12 concerning the Portland, Oregon, minor "B.R."  He further contends that the information contained in his paragraph lacks sufficient indicia of reliability to support its probable accuracy and and should be stricken from the PSR.  U.S.S.G. § 6A1.3(a).

4.  Pages 8-10, ¶¶ 21-22: Adjustment for Obstruction of Justice

Mr. Seiver objects to the statement in paragraph 21 that "the defendant's conduct could be construed as impeding the administration of justice" and denies that the "message" sent to the minor in Rantoul, Illinois, was conveyed at his behest or is attributable to him in any way. He further objects on the ground that the content of the "message" does not amount to "threatening, intimidating, or otherwise unlawfully influencing a witness." Accordingly, he requests that these paragraphs be stricken from the PSR.

5.  Page 11, ¶¶ 30, 31, 33, 34: Count I–Possession of
    Child Pornography: Specific Offense Characteristics

Mr. Seiver objects to the imposition of upward adjustments for possessing "materials involving prepubescent minors" (¶ 30); materials portraying "sadistic or masochistic conduct or other depictions of violence" (¶ 31); "use of a computer" (¶ 33); and number of images (¶ 34) as constituting impermissible double counting.

Recent appellate rulings, and arguments advanced by defense counsel in child pornography cases in this district, address the question whether the child pornography guidelines, and specifically U.S.S.G. § 2G2.2, lack an empirical basis leading to unreasonable guideline ranges and arbitrary, unwarranted, and unreasonable sentencing disparities. In support of this objection to the above-referenced paragraphs, Mr. Seiver adopts this portion of the Second Circuit's

compelling analysis in *United States v. Dorvee*, 616 F.3d 174, 186-87 (2nd Cir. 2010):

> The § 2G2.2 sentencing enhancements cobbled together through this process routinely result in Guidelines projections near or exceeding the statutory maximum, even in run-of-the-mill cases. The base offense level for distribution of child pornography, which in 1991 was 13, has been gradually increased to 22 as the Commission has attempted to square the Guidelines with Congress's various directives. *See United States Sentencing Commission, The History of the Child Pornography Guidelines, supra*, at 19. On top of that, many of the § 2G2.2 enhancements apply in nearly all cases. Of all sentences under § 2G2.2 in 2009, 94.8% involved an image of a prepubescent minor (qualifying for a two-level increase pursuant to § 2G2.2(b)(2)), 97.2% involved a computer (qualifying for a two-level increase pursuant to § 2G2.2(b)(6)), 73.4% involved an image depicting sadistic or masochistic conduct or other forms of violence (qualifying for a four-level enhancement pursuant to § 2G2.2(b)(4)), and 63.1% involved 600 or more images (qualifying for a five-level enhancement pursuant to § 2G2.2(b)(7)(D)).*See United States Sentencing Commission, Use of Guidelines and Specific Offense Characteristics for Fiscal Year 2009*, available at http:// www. ussc. gov/ gl_ freq/ 09_ glinexgline. pdf (last visited April 19, 2010). In sum, these enhancements, which apply to the vast majority of defendants sentenced under § 2G2.2, add up to 13 levels, resulting in a typical total offense level of 35.
>
> An ordinary first-time offender is therefore likely to qualify for a sentence of at least 168 to 210 months, rapidly approaching the statutory maximum, based solely on sentencing enhancements that are all but inherent to the crime of conviction. Consequently, adherence to the Guidelines results in virtually no distinction between the sentences for defendants like Dorvee, and the sentences for the most dangerous offenders who, for example, distribute child pornography for pecuniary gain and who fall in higher criminal history categories. This result is fundamentally incompatible with § 3553(a). By concentrating all offenders at or near the statutory maximum, § 2G2.2 eviscerates the fundamental statutory requirement in § 3553(a) that district courts consider "the nature    and circumstances of the offense and the history and characteristics of the defendant" and  violates the principle, reinforced in *Gall*, that courts must guard against unwarranted similarities among sentences for defendants who have been found guilty of dissimilar conduct. *See Gall*, 552 U.S. at 55, 128 S.Ct. 586 (affirming a sentence

where "it is perfectly clear that the District Judge considered the need to avoid unwarranted disparities, but also considered the need to avoid unwarranted similarities among other co-conspirators who were not similarly situated."

Indeed, as this Court is well aware, the Guidelines provide a large number of sentence enhancements, which apply in nearly every case and cause routine offenses to generate sentence recommendations approaching (or exceeding) statutory maximums. *Grober*, 624 F.3d at 611; *Dorvee*, 616 F.3d at 186. Concentrating offenders at the top of the sentencing spectrum in this manner has been described as "fundamentally incompatible with § 3553(a)." *Dorvee*, 616 F.3d at 187.

As Chief United States District Judge for the Central District of Illinois, Michael P. McCuskey, aptly noted in sentencing a defendant for possession of child pornography recently:

> However, Mr. Taylor knows that I have found, in each and every one of these cases, double-counting. They're all computer cases. We don't go to the dirty bookstore and get DVDs or eight-tracks. This is all the computer industry. And, eventually, the sentencing guidelines will be amended, I believe, and catch up to the fact that it's double-counting. But right now the law says it's okay.

*United States v. John C. Keith*, Docket No. 09-20007, October 29, 2010.

  6. <u>Page 12, ¶¶ 41: Count 2–Ontario, Canada Minor; Page 13, ¶¶ 48, 50: Count 2-Rantoul, Illinois Minor; Pages 13-14, ¶¶ 56-57: Count 2-Portland, Oregon Minor; Page 14, ¶¶ 63-64: Count 2-Locust Grove, Georgia Minor</u>

With respect to paragraphs 41, 48, 56, and 63, involving the specific offense characteristic of "age of minor," see Objection 5, *supra*, as impermissible double counting.

With respect to paragraphs 50, 57, and 64, U.S.S.G. § 2G2.1(b)(6) only applies "If, for the purpose of producing sexually explicit material or for the purpose of transmitting such material live," the offense involves "the knowing misrepresentation of a participant's identity to persuade or induce or facilitate the travel of a minor to engage in sexually conduct or the use of a computer; or the use of a computer to persuade or induce or facilitate the travel of a minor to engage in sexually explicit conduct; or solicit participation with a minor in sexually explicit conduct."

Based upon the express language of this guideline, there is no basis in law or fact for this specific offense characteristic to apply to any of the three alleged minors.

7.     Page 15, ¶ 80: Chapter Four Enhancements

In support of this objection, Mr. Seiver repeats his previous objections to paragraphs 10-12, *supra*.

Furthermore, imposing a five level adjustment for "engaging in a pattern or activity involving the sexual abuse or exploitation of a minor" in this paragraph pursuant to U.S.S.G. § 4B1.5(b)(1), while imposing a five level adjustment for

"engaging in a pattern or activity involving the sexual abuse or exploitation of a minor" in paragraph 32 pursuant to U.S.S.G. § 2G2.2(b)(5), <u>and based upon the same alleged offense conduct</u>, constitutes impermissible double counting.

    II.    <u>Sentencing Procedure Under Title 18 U.S.C. § 3553(a)</u>

        A.    <u>Sentencing Factors</u>

In imposing sentence in this case, this Court must consider the factors set forth in § 3553(a), *see, e.g., United States v. Christiansen*, 594 F.3d 571, 576-77 (7th Cir.2010), which include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed-

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the advisory guideline range;

(5) any pertinent policy statements issued by the Sentencing Commission;

(6) the need to avoid unwarranted sentence disparities; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Section 3553(a) provides that the court shall, on considering these factors, impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes set forth" in sub-section (a)(2): just punishment, deterrence, protection of the public, and rehabilitation of the defendant. 18 U.S.C. § 3553(a). In making this determination, this Court may not presume that the guideline sentence is the correct one. *Nelson v. United States*, --- U.S. ----, 129 S.Ct. 890, 892, 172 L.Ed.2d 719 (2009). This Court is also free to reject any guideline on policy grounds, *see, e.g., United States v. Pape*, 601 F.3d 743, 749 (7th Cir.2010); *United States v. Corner*, 598 F.3d 411, 414-15 (7th Cir.2010) (*en banc*), particularly where the Sentencing Commission did not, in adopting the particular guideline, fulfill its "characteristic institutional role" of basing the range on study, expertise, empirical data, or national experience, *see Kimbrough v. United States*, 552 U.S. 85, 109, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007). Ultimately, this Court must make an independent determination as to the appropriate sentence, taking into account the types of sentences available, the relevant § 3553(a) factors, and the arguments of the parties. *Gall v. United States*, 552

U.S. 38, 49-50, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). This Court must then explain the chosen sentence in order to promote the perception of fair sentencing. *Id*. at 50, 128 S.Ct. 586.

### III.  Character Reference Letters

At sentencing, the undersigned defense counsel will present to the Court for its consideration letters and personal statements written by the Mr. Seiver's parents and his sisters.

### IV.  Conclusion

For all of the foregoing reasons, and those that will be presented at the sentencing hearing, defense counsel respectfully requests that this Court sentence Mr. Seiver to a term of imprisonment of 120 months on count 1 (possession of child pornography), and a term of imprisonment of 180 months on count 2 (production of child pornography), said terms to run concurrently. Such a disposition would be a sufficient, but not greater than necessary, sentence in consideration of the nature and circumstances of the offense, and the history and characteristics of Mr. Seiver.

RONALD ALAN SEIVER, Defendant

/s/George F. Taseff
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX:   309/671-7898
Email: george_taseff@fd.org

CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the filing: Mr. Michael D. McCoy, Assistant United States Attorney, 1830 Second Avenue, Suite 320, Rock Island, IL 61201.

/s/George F. Taseff
Attorney for Defendant
Assistant Federal Public Defender
401 Main Street, Suite 1500
Peoria, Illinois 61602
Phone: 309/671-7891
FAX:   309/671-7898
Email: george_taseff@fd.org