**E-FILED**
Thursday, 22 December, 2011  04:32:42 PM
Clerk, U.S. District Court, ILCD

1                  UNITED STATES DISTRICT COURT
                   CENTRAL DISTRICT OF ILLINOIS
2

3  UNITED STATES OF AMERICA,   ) Docket No. 10-cr-40091
                               )
4       Plaintiff,             )
   vs.                         )   Rock Island, Illinois
5                              )   May 13, 2011
   RONALD ALAN SEIVER,         )
6                              )
        Defendant.             )
7  _____)

8

9                     RECORD OF PROCEEDINGS
                    CHANGE OF PLEA HEARING
         BEFORE THE HONORABLE JAMES E. SHADID
10            UNITED STATES DISTRICT JUDGE

11                     THE APPEARANCES

12

                       MICHAEL MCCOY, ESQ.
13                   Assistant U.S. Attorney
                         1830 2nd Avenue
14                 Rock Island, IL  61202-8003
                   On behalf of the Plaintiff
15

16

17                     GEORGE TASEFF, ESQ.
                     Federal Public Defender
18                 401 Main Street, Suite 1500
                        Peoria, IL  61602
19                 On behalf of the Defendant

20

21                   Nancy Mersot, CSR, RPR
              United States District Court Reporter
22                  100 N.E. Monroe Street
                      Peoria, IL  61602
23

24

   Proceedings recorded by mechanical stenography,
25 transcript produced by computer-aided transcription.

1        (Proceedings were held in open court.)

2        THE COURT:  Good morning.  This is the

3 United States of America v. Ronald Seiver or is it

4 Seiver?

5        THE DEFENDANT:  Seiver.

6        THE COURT:  10-40091.  Mr. Seiver is present

7 with Mr. Taseff.  For the government is Mr. McCoy.

8        The matter was set for pretrial today.  It

9 is my understanding that this will be a change of

10 plea.

11        MR. TASEFF:  Yes, Judge.

12        THE COURT:  Is there a written plea

13 agreement?

14        MR. TASEFF:  No, it is a conditional plea

15 reserving the right to appeal the motion to

16 suppress.

17        THE COURT:  All right.  And Mr. McCoy, you

18 have seen this reservation of issue for appeal?

19        MR. MCCOY:  I have, Your Honor.

20        THE COURT:  All right.  Mr. Seiver, do you

21 want to approach with Mr. Taseff please.  Let's ask

22 Mr. Seiver if you raise your right hand.

23        (The defendant was sworn.)

24                    EXAMINATION

25 BY THE COURT:

1  Q.   Okay.  Mr. Seiver, you are now under oath.  I am

2  going to ask you a few questions.  You are going to

3  need to answer them honestly or you are going to be

4  subjected to additional charges.  Do you understand

5  that?

6  A.   Yes.

7  Q.   Tell me, please, your full name.

8  A.   Ronald Allen Seiver.

9  Q.   And how old are you?

10 A.   30.

11 Q.   Mr. Seiver, how far did you go in school?

12 A.   I graduated high school.

13 Q.   All right.  Can you read and write?

14 A.   Yes.

15 Q.   Are you in good health?

16 A.   Yes.

17 Q.   Have you been treated for any mental illness?

18 A.   No.

19 Q.   How is your physical health?

20 A.   Good.

21 Q.   Are you under the influence of any drugs or

22 alcohol?

23 A.   No.

24 Q.   Are you taking any medications?

25 A.   No.

```
 1  Q.   Are you satisfied with the services of
 2  Mr. Taseff to this point?
 3  A.   Yes.
 4  Q.   And have you received a copy of the charges
 5  against you?
 6  A.   Yes.
 7  Q.   And have you gone over those with Mr. Taseff?
 8  A.   Yes.
 9  Q.   Do you believe you understand the charges
10  against you?
11  A.   Yes.
12  Q.   The charges -- and you are pleading guilty to
13  both counts; is that correct, Counts I and II?
14  A.   Yes.
15  Q.   The charges to which you are pleading guilty --
16  one second please -- alleged in the bill of
17  indictment that in Count I, possession of child
18  pornography; that on or about August 24, 2010, in
19  Warren County, in the Central District of Illinois
20  and elsewhere, that you knowingly possessed material
21  that contained at least 100 visual depictions of
22  child pornography, as defined in Title 18, United
23  States Code, Section 2256(8), that had been mailed,
24  and shipped and transported in interstate and
25  foreign commerce by any means, including by
```

1 computer, and that was produced using materials that

2 had been mailed, and shipped and transported in

3 interstate and foreign commerce by any means,

4 including by computer, all in violation of Title 18,

5 United States Code, Sections 2252(a)(5)(B) and

6 (b)(2).

7      In Count II, it is alleged and charged,

8 sexual exploitation of a child, and alleged from at

9 least July 1, 2008, through at least October 31,

10 2008, in Champaign County, in the Central District

11 of Illinois and elsewhere, that you did knowingly

12 employ, persuade, induce, entice, and coerce a minor

13 to engage in sexually explicit conduct for the

14 purpose of producing a visual depiction of such

15 conduct knowing or having reason to know that such

16 visual depiction would be transported or transmitted

17 using any means or facility of interstate and

18 foreign commerce and that the visual depiction was

19 produced using materials that had been transported

20 in interstate and foreign commerce, including by

21 computer, all in violation of Title 18, United

22 States Code, Sections 2251(a) and (e).

23      Do you understand the charges against you?

24 A.   Yes.

25 Q.   Do you -- do you understand at trial the

1  government would have to prove each of the elements

2  of the charges against you beyond a reasonable

3  doubt?

4  A.   Yes.

5  Q.   And in Count I that would mean that the

6  government would have to prove that on or about

7  August 24, 2010, that you knowingly possessed at

8  least 100 visual depictions of child pornography

9  images by storing the same on computer storage media

10  devices.

11          And second, that you knew there were images

12  of child pornography on the computer, storage media

13  devices that you possessed.

14          And third, that the computer storage media

15  devices in the images of child pornography contained

16  therein had been shipped or transported in

17  interstate or foreign commerce.

18          In Count II, the elements that would need to

19  be proven are first, that from at least July 1, 2008

20  through at least October 31, 2008, that you did

21  knowingly employ, persuade, induce, entice and

22  coerce an individual to engage in sexually explicit

23  conduct for the purpose of producing a visual

24  depiction of such conduct.

25          Second, that the individual was a minor at

```
 1  the time.
 2         And third, the depiction was produced using
 3  materials that had been mailed, shipped or
 4  transported in interstate or foreign commerce.
 5         Do you understand all of the elements of the
 6  charges against you?
 7  A.   Yes, I do.
 8  Q.   Do you understand that at trial if you persist
 9  in your plea of not guilty, you would have a right
10  to continue to plead not guilty; you would have a
11  right to a trial by jury; that at a trial you would
12  be presumed innocent of the charges against you and
13  the government would have to prove your guilt beyond
14  a reasonable doubt.  Do you understand that?
15  A.   Yes.
16  Q.   That you would have a right to the assistance of
17  counsel for your defense; the right to confront and
18  cross-examine the witnesses against you; the right
19  to compel witnesses to testify for you; the right to
20  testify, if you chose to do so, and not testify if
21  you chose not to do so.  Do you understand that?
22  A.   Yes.
23  Q.   And that if you chose not to testify or -- these
24  facts could not be used against you.  Do you
25  understand that?
```

1 A.    Yes.

2 Q.    Do you have any questions at all up to this

3 point?

4 A.    No.

5 Q.    The possible penalties for each count

6 statutorily are as follows:  for Count I a maximum

7 of ten years in prison, a maximum fine of $250,000,

8 a maximum of three years of supervised release, and

9 a $100 mandatory special assessment.

10        The potential penalties for Count II will be

11 a minimum of 15 years and a maximum of 30 years in

12 prison, a maximum fine of $250,000 dollars, a

13 minimum of five years of supervised release up to

14 life, and a $100 special assessment.

15        That would make the potential total

16 penalties from your plea today to be at least 15

17 years in prison and a maximum of 40 years in prison,

18 a maximum fine of $500,000, a minute of five years

19 of supervised release to life, and a $200 mandatory

20 special assessment.

21        Do you understand the potential penalties to

22 the charges that you are pleading guilty?

23 A.    Yes.

24 Q.    Do you understand that the offense for which you

25 are pleading guilty is a felony offense; that if

1 your plea is accepted, you will be adjudged guilty

2 of that offense?  You may be deprived of valuable

3 civil rights such as the right to vote, the right to

4 hold public office, to serve on a jury, and the

5 right to possess any kind of a firearm.  Do you

6 understand that?

7 A.   Yes.

8         THE COURT:  Mr. McCoy, would you please give

9 the Court a factual basis for the plea.

10        MR. MCCOY:  Yes, Your Honor.

11        Your Honor, if this case were to go to

12 trial, the government would present evidence that in

13 the late summer and early fall of 2008, the

14 defendant who was 27 years old at the time, met and

15 began a relationship with a 15-year-old female who

16 he first encountered in a chat room associated with

17 an on-line game known as World of Warcraft.  The

18 defendant knew at that time that the girl was a

19 minor.

20        Initially, the defendant told the minor that

21 he was a 17-year-old boy.  The defendant sent money,

22 flowers to the minor female.  On two occasions, the

23 defendant traveled from his home in Roseville to

24 Rantoul, Illinois to have sex with the minor.  The

25 defendant brought the minor female to a hotel room

1 that he had rented for the sexual encounters.

2         During one of the sexual encounters, the

3 defendant took photographs and video of the minor

4 while he was engaged in various sexual acts.  These

5 images were sexually explicit in nature.  The

6 defendant used a Samsung digital camera to produce

7 these images.  The camera had been transported in

8 foreign and interstate commerce prior to the

9 defendant using it to take images of the sexually

10 explicit conduct.

11         On August 24 of 2010, after images of child

12 pornography posted on the website were linked back

13 to the defendant's residence, a federal search

14 warrant was acquired and executed from the

15 defendant's home.  During a search, the agents

16 located an Acer Aspire Model 5720 laptop computer in

17 the defendant's bedroom close to his bed as well as

18 a SanDisk 16 gigabyte thumb drive that was found

19 under the mattress at the defendant's home.  Both

20 laptop computer and thumb drive belong to the

21 defendant.  Both of these items have been

22 manufactured outside of the State of Illinois.

23         Located on these devices were 26 video files

24 of child pornography the defendant had previously

25 downloaded from the internet as well as five other

1 video files the defendant had taken during one of

2 his sexual encounters with the 15-year-old minor

3 female using the digital camera.

4       Also located were a total of 119 still

5 photograph images of child pornography on the

6 defendant's thumb drive and laptop that had been

7 either downloaded from the internet or taken during

8 one of the sexual encounters with the minor female.

9 Once again using the previously described digital

10 camera.

11      The defendant either downloaded these images

12 of child pornography from the internet or took them

13 himself and stored them on his laptop and thumb

14 drive.  The defendant knew these images were in fact

15 images of child pornography.

16      That's a summary, Your Honor, of the

17 evidence the government would present if this case

18 were to go to trial.

19      THE COURT:  Thank you, Mr. McCoy.

20      Mr. Taseff, do you believe the government

21 can produce that evidence at trial?

22      MR. TASEFF:  Yes.

23 BY THE COURT:

24 Q.   And Mr. Seiver, the recitation by Mr. McCoy, are

25 those facts correct and the facts that you are

1  admitting to today?

2  A.    Yes.

3  Q.    And are those facts the basis for your plea

4  today?

5  A.    Yes.

6  Q.    Has anyone forced to you plead guilty?

7  A.    No.

8  Q.    Has anyone threatened you to plead guilty?

9  A.    No.

10  Q.    Has anybody made any promises to you other than

11  what's been set out here in open court to get you to

12  plead guilty?

13  A.    No.

14  Q.    Are you pleading guilty of your own free will?

15  A.    Yes.

16  Q.    Do you believe so far that you understand the

17  consequences of your plea?

18  A.    Yes.

19  Q.    You must still understand that your sentence

20  will be determined by a combination of advisory

21  Sentencing Guidelines, possible authorized

22  departures or deviations from those guidelines and

23  other statutory sentencing factors.

24         Have you and Mr. Taseff discussed how these

25  guidelines may apply to your case?

1  A.   Yes.

2        THE COURT:  Mr. Taseff, would you please

3  tell me all what you believe the guidelines might be

4  or worse case scenario for your client?

5        MR. TASEFF:  We expect the Sentencing

6  Guidelines to be at or near the mandatory minimum of

7  180 months.

8  BY THE COURT:

9  Q.   Okay.  Mr. Seiver, do you understand that?

10  A.   Yes.

11  Q.   First, you must also understand that I will not

12  be able to determine the guideline range until after

13  a presentence report has been completed and you and

14  the government have had an opportunity to review and

15  challenge the report and the application of the

16  guidelines as recommended by the Probation Office.

17  And that the sentence ultimately imposed may be

18  different from any estimate your attorney may have

19  given you.  Do you understand that?

20  A.   Yes.

21  Q.   Do you understand that after your initial

22  advisory guideline range has been determined, I have

23  the authority, in some circumstances, to depart or

24  deviate upward or downward from that range.  That

25  may result in a sentence greater or lesser than the

1 advisory guideline range. Do you understand that?

2 A.    Yes.

3 Q.    In addition, parole has been abolished, so any

4 sentence would be followed by a period of supervised

5 release. And there will be certain restrictions or

6 guidelines that must be followed in that regard as

7 well. Do you understand that?

8 A.    Yes.

9 Q.    Okay. Do you have any questions up to this

10 point?

11 A.    No.

12 Q.    How do you now plead to Count I and Count II;

13 guilty or not guilty?

14 A.    Guilty.

15        THE COURT:  All right. Is there anything

16 else before I make findings? I note that there are

17 forfeiture allegations. Are those part of the plea

18 in any way?

19        MR. TASEFF:  Your Honor, in the conditional

20 plea the reservation states that Mr. Seiver would

21 admit those allegations.

22        THE COURT:  Okay. And as to the forfeiture?

23        MR. MCCOY:  Yes, Your Honor.

24        THE COURT:  Okay. It is also alleged that

25 in Counts I and II that there were -- there are

 1  forfeiture allegations and there are properties that

 2  are subject to forfeitures.  So those are not being

 3  contested; is that correct?

 4          MR. TASEFF:  Correct.

 5          THE COURT:  That would be the laptop

 6  computer, as set forth in A through E: the laptop

 7  computer, thumb drive, digital camera, Blackberry

 8  telephone, and another cellular telephone.

 9          Mr. Seiver, you are agreeing that those

10  properties would be forfeited to the government?

11          THE DEFENDANT:  Yes.

12          THE COURT:  Do you have any questions about

13  that?

14          THE DEFENDANT:  No.

15          THE COURT:  And furthermore I have been

16  presented with a reservation of issue for appeal, in

17  that you are pleading guilty today to Counts I and

18  II; that on April 14, I denied your motion to

19  suppress evidence, and that you are reserving your

20  right to appeal that order of April 14.  Do you

21  understand that?

22          THE DEFENDANT:  Yes.

23          THE COURT:  Okay.  All right.  Then it is

24  the finding of the Court that Mr. Seiver is fully

25  competent and capable of entering an informed plea;

1 that the defendant is aware of the nature of the

2 charges and the consequences of the plea; that the

3 plea of guilty is knowing and voluntarily made

4 supported by a factual basis containing each of the

5 essential elements of the offense.

6        The plea is accepted and entered of record

7 and Mr. Seiver is now adjudged guilty of that

8 offense.

9        Anything else before we order a Presentence

10 Report and set the matter for sentencing?

11        MR. MCCOY:  Not from the government, Your

12 Honor.

13        THE COURT:  Okay.  It came from the clerk

14 that this will be set on September 16 at 10:00 in

15 Rock Island for sentencing.  Is that acceptable to

16 both parties?

17        MR. MCCOY:  Yes, Your Honor.

18        MR. TASEFF:  Yes, Judge.

19        THE COURT:  All right.  The Presentence

20 Report is ordered and the sentencing will be

21 September 16, 2011 at 10:00 in Rock Island.

22        All right.  Thank you.

23        Court will be adjourned as to this matter.

24        (Which were all of the proceedings held on

25        this day.)

17

1

2      I certify that the foregoing is a correct

3  transcript from the record of proceedings in the

4  above-entitled matter.

5

6

7  s/Nancy Mersot          Date:   December 22, 2011

8  Court Reporter

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25