UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| V. | ) CASE NO. 10-CR-40091 |
| | ) |
| RONALD A. SEIVER, | ) |
| Defendant, | ) |
| | ) |

DEFENDANT'S MOTION FOR RECONSIDERATION

Comes now, Defendant, Ronald A. Seiver, pro se, and hereby moves this Court to reconsider the decision rendered on 04/03/2013 by Chief Judge James E. Shadid. In support hereof, defendant submits the following:

(1) This Court sentenced defendant in this matter on November 11, 2011. Defendant made several objections to the PSR at the time of sentencing.

(2) Specifically, defendant objected to paragraph 22 of the PSR, which referenced an alleged email from the defendant, on the grounds of relevance and the adverse effect upon defendant regarding the Federal Bureau Of Prisons' use of such information.

(3) At sentencing the Court adopted defendant's position with regard to his objection to the PSR, and thereafter ordered the information to be stricken from the PSR.

(4) Upon review of defendant's Inmate Central File maintained by the Bureau Of Prisons, defendant discovered that the PSR remained unchanged.

(5)  Defendant filed a Motion to Enforce Order and Amend PSR, and on 04/03/2013 the Court denied the motion stating that defendant misreads, or misunderstands the Court's Order at sentencing, and further stated that the Court did not strike the information from the PSR.

(6)  Defendant received a copy of the transcripts of the objections made to the PSR, and beginning on page 132 and ending on page 133 of the 187 pages, Mr. Taseff argued this information in paragraph 22 of the PSR, and on page 133 of the transcript paragraph 5-8 the Court stated that "IT WILL BE STRICKEN". See: <u>transcript</u> attached hereto.

(7)  Defendant submits that the Bureau Of Prisons is indeed using the information in paragraph 22 of the PSR, in part, to adversely classify him. This information will adversely effect his elgibility for rehabilitative programming in the future.

(8)  Defendant asks the Court to not only enforce its previous order that directs the information to be stricken from the PSR, but also asks the COurt to order the Bureau Of Prisons to expunge from their records system all copies of the unamended PSR.

WHEREFORE, premises considered, and in the interest of justice, defendant prays the Court will grant his Motion and thereafter order the PSR amended, and the previous editions of the PSR expunged from BOP's records system.

RESPECTFULLY SUBMITTED THIS 3rd DAY OF July, 2013.

*Ronald Seiver*
Ronald A. Seiver, Defendant,

1  to reach out to Josie by phone or by text message.
2  But that doesn't have anything to do with the
3  obstruction of justice that I can see directly, and
4  I will not be arguing that there was any sort of
5  obstruction of justice here.
6      THE COURT: Well, then, for the record I'm not
7  -- I'm not going to factor this conduct in a
8  sentencing as it might pertain or be arguably
9  impeding or obstructing justice. I think the
10 continual contact is a basis for argument at
11 sentencing, but I hope I'll be clear enough in my
12 sentence that the contact, in my mind, won't be
13 factored in as impeding or obstructing justice.
14     Now, with that in mind and with the 3553
15 indicating that if factors aren't going to affect
16 the sentencing, number C -- it's not C. I'm
17 looking for the specific one. If it's not going to
18 be considered, I can simply sign off on it that
19 way.
20     Mr. Taseff?
21     MR. TASEFF: I would respectfully ask that it
22 be stricken, Judge.
23     MR. McCOY: I have no problem with it being
24 stricken as long as I am not stricken from talking
25 about the continued contact or the attempts to

1   contact with Josie.  I'm not arguing -- as I said,
2   I'm not arguing that that's an obstruction of
3   justice issue.  I'm just saying that it's
4   aggravating, if nothing else.
5        THE COURT:  Well, then, it will be -- it will
6   be stricken.  If I hear you right, you're agreeing
7   it be stricken as it references obstruction or
8   impeding an investigation.  Fair enough?
9        MR. TASEFF:  Thank you.
10       THE COURT:  Okay.  All right.  Let's go on to
11  the next one.
12       MR. TASEFF:  Judge, we can make short order of
13  the next one, paragraph -- or objection five, page
14  11.  This is specific offense characteristics
15  relating to Count I, possession of child
16  pornography, paragraphs 30, 31, 33 and 34.  We
17  object to the imposition of upward adjustments for
18  possessing materials involving prepubescent minors,
19  paragraph 30; materials portraying sadistic or
20  masochistic conduct or other depictions of
21  violence, paragraph 31; use of a computer,
22  paragraph 33; and number of images, paragraph 34,
23  as constituting impermissible double-counting.
24       We cite an excerpt from U.S. vs. Dorvee --
25  D-o-r-v-e-e -- of the Second Circuit which is one