UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 10-CR-40091 |
| | ) | |
| RONALD A. SEIVER, | ) | |
| Defendant, | ) | |

MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO MODIFY CONDITIONS OF SUPERVISED
RELEASE PURSUANT TO 18 U.S.C. & 3563(c) AND FRCP 32.1(c)

Defendant, Ronald A. Seiver, pro,se, files this memorandum of law in support of his motion to modify the conditions of his supervised release. In support of the foregoing the defendant states as follows:

BACKGROUND

Defendant, Ronald A. Seiver was sentenced on November 30, 2011 by the United States District Court for the Central District of Illinois to a term of lifetime supervised release. The Court imposed 13 standard conditions of supervised release on the defendant and 8 special conditions of supervised release.

## LEGAL STANDARD

Pursuant to Title 18 U.S.C. & 3563(c) and rule 32.1(c) of the Federal Rules Of Criminal Procedure, the Court can reduce, modify, terminate, or extend a term of supervised release by holding a hearing at any time before the completion of a term of supervised release.

Defendant did not object to these conditions of supervised release before or after sentencing because he was not aware of any of the conditions until the day of sentencing, and he relied solely on his Counsel because he lacked legal training to understand that he should have objected to the imposition of these conditions of supervised release.

Pursuant to rule 51(b) of the Federal Rules Of Criminal Procedure, if a party does not have an oppurtunity to object to a ruling or order, the absence of an objection does not later prejudice that party. see; United States v. Courtland, 642 F.3d 545, 547 (7th Cir. 2011). Defendant did not have an oppurtunity to object to the Court's ruling and order of the imposition of these conditions because he was represented by Counsel and that responsibility was upon his Counsel to object on behalf of the defendant.

## FACTS SUPPORTING DEFENDANT'S ARGUMENTS THAT STANDARD CONDITIONS ARE VAGUE, AMBIGUOUS, OVERBROAD OR INAPPROPRIATE

(a) In item number one of the motion to modify conditions of supervised release the defendant asks that the Court eliminate or modify the standard condition of supervised release forbidding the defendant from associating with any person who has been convicted of a felony.

Defendant argues that this condition is fatally vague and shall be eliminated or modified. The condition appears to impose strict liability, there is no stated requirement that he know, and how would the defendant know whether someone he was associating with had ever been convicted of a felony? To protect himself he would have to submit the name of any person he met to his probation officer to find out whether the name appeared in any data-base of felons. Maybe liability for violating the condition isn't strict, might it be enough that a reasonable person would know that a person whom the defendant was associating with was a felon, even if the defendant didn't know? What exactly is "association"? Is a single meeting enough, or is the word intended to denote friendship, acquaintanship, or frequent meetings? see: <u>United States v. Thompson,</u> 777 F.3d 368, (7th Cir. 2015).

(b) In item number two of the motion to modify conditions of supervised release the defendant asks the Court to eliminate or modify the standard condition of supervised release that states that the defendant must notify third parties of risks that may be occasioned by the defendant's criminal record and personal history or characteristics.

3

Defendant argues that this condition contains numerous ambiguities. There is no indication of what is meant by "personal history" and "characteristics" or what "risks" must be disclosed to which "third parties". Presumably, the meaning of these terms would change from defendant to defendant, which makes definitions particularly important with this condition. see: <u>United States v. Thompson,</u> 777 F.3d 368, 379 (7th Cir. 2015); also; <u>United States v. Kappes,</u> 2015 App. lexis 5677 (7th Cir. 2015).

(c) In item number three of the motion to modify conditions of supervised release the defendant asks the Court to eliminate or modify the standard condition of supervised release that states that the defendant shall support his dependents and meet other family responsibilities.

Defendant argues that this condition is ambiguous and also inappropriate. Defendant was sentenced to a term of 35 years in prison so any dependent that he may or may not have will be adults by the time that he is released from prison. And it is not apparent what "other family responsibilities" means, given that it appears to mean something different than "supporting" Seiver's adult children. see; <u>United States v. Kappes,</u> 2015 U.S. App. Lexis 5677 (7th Cir. 2015).

(d) In item number four of the motion to modify conditions of supervised release the defendant asks the Court to eliminate or modify the standard condition of supervised release that states that the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

Defendant argues that this condition is vague and ambiguous. There is no indication of how many trips constitute "frequenting" such places. More importantly, the condition read literally, improperly imposes strict liability because there is no requirement that the defendant know or have reason to know or even just suspect that such activities are taking plcae. see; <u>United States v. Jurgens</u>, 2015 U.S. App. Lexis 5677 (7th Cir. 2015).

(e) In item number five of the motion to modify conditions of supervised release the defendant asks the Court to eliminate or modify the standard condition of supervised release that states that the defendant shall refrain from any use of alcohol.

Defendant argues that this condition is inappropriate. The sentencing Judge imposed the alcohol ban with no explanation for how it connects with the defendant's offense or history. Defendant's offense did not involve the use or abuse of alcohol, and nothing in the record supports a finding of alcohol abuse by the defendant. A rationale could be offered adequate to support a total or more likely an "excessive" alcohol ban, but any rationale would not sufficiently support any finding of the condition as written. In <u>United States v. Baker,</u> 755 F.3d 515, 524, (7th Cir. 2014), The Court of Appeals vacated a complete ban on alcohol despite the defendant's statement that he consumed a six-pack of beer or more twice per week, because "there is no evidence that Baker's alcohol use has contributed to his repeated criminal conduct or that Baker is dependent on alcohol". Here, there is nothing in the record to support a ban on alcohol despite the fact that the defendant may occasionally have a drink or two because alcohol did not contribute to the defendant's offense. see; <u>United States v.</u>

5

<u>Crisp,</u> 2015 U.S. App. Lexis 5677 (7th Cir. 2015).also; <u>United States v. Cary,</u> 775 F.3d 919, 924 (7th Cir. 2015).

(f) In item number six of the motion to modify conditions of supervised release the defendant asks the Court to eliminate or modify the special condition of supervised release that states that the defendant shall participate in a program for substance abuse treatment and pay for the services.

Defendant argues that this condition is vague and inappropriate. This special condition requires the defendant to bear the expense of complying with this condition without qualification. Nothing is said about what happens if he can't pay the entire cost. Will his supervised release be revoked because he won't be complying with the conditions in question? Or will the government pay for it? In **<u>United States v. Norfleet,</u> 753 F.3d 705 (7th Cir. 2014)** the judge in that case made clear in stating that the requirement of payment is done by probation taking into account the defendant's ability to pay. There is nothing in the record explaining how substance abuse treatment is related to the defendant's offense, history and characteristics. Each special condition imposed must be tailored to the defendant and his needs and involve no greater deprivation of liberty than is reasonably necessary to achieve the goals deterrence, protection of the public, and rehabilitation. see; <u>United States v. Goodwin,</u> 717 F.3d 511, 523-24 (7th Cir. 2013). also; <u>United States v. Siegel,</u> 753 F.3d 705 (7th Cir. 2014).

(g) In item number seven of the motion to modify conditions of supervised release the defendant asks the Court to eliminate or modify the special condition of supervised release that states that the defendant shall pay for installing filtering software on any computer he may possess which will monitor or block access to sexually oriented websites.

Defendant argues that this condition is vague, overbroad, and an excessive deprivation of his liberties. The defendant may plan to use a computer at a place of employment that he will possess, but not own and cannot install programming or software on a computer that he does not own, but may possess temporarily while working. Defendant has a first amendment protection with legal pornographic materials. **see; United States v. Williams,** 553 U.S. 285, 288, 128 S.Ct. 1830, 170 L.Ed 2d 650 (2008). A total ban on accessing sexually oriented websites is in no way explained by the Court how this relates to the defendant. The term "sexually oriented websites" should be replaced with "websites that contain illegal child, or illegal pornography," and a clarification that the condition only applies to "personal computers" and not to any computer, to avoid the vague and overbroadness of this condition. **see; United States v. Jurgens,** 2015 U.S. App. Lexis 5677 (7th Cir. 2015).

(h) In item number eight of the motion to modify conditions of supervised release the defendant asks the Court to eliminate or modify the special condition of supervised release that states that the defendant shall have no contact with any person under the age of 18 except in the presence of a responsible adult who is aware of the nature of his background and current offense.

Defendant argues that this condition is vague, overbroad, and a clear abuse of discretion. Placing a ban on the defendant from having any contact with persons under the age of 18 unless in the presence of a responsible adult who is aware of the nature of his background and instant offense and who has been approved by the probation officer, can't have been meant literally, sice understood literally it would include males under the age of 18 as well as females, though there is no suggestion that the defendant is bisexual. Furthermore, even if males are excluded from the no-contact rule, "contact" being defined, could be understood to mean being served by a waitress, paying a cashier, sitting next to a female stranger at a baseball game, replying to a female asking questions of direction, or being shown a friend's baby girl, or his own baby girl. The Court of Appeals have vacated special conditions that are vague and much broader than necessary, and the same should apply here. See; <u>United States v. Goodwin,</u> 717 F.3d 511,523-24 (7th Cir. 2013). also; <u>United States v. Thompson,</u> 777 F.3d 368 (7th Cir. 2015).

(i) In item number nine of the motion to modify conditions of supervised release the defendant asks the Court to eliminate or modify the special condition of supervised release that states that the defendant not receive or transmit any sexually arousing material, including child pornography, via the internet nor visit any website, including chatrooms or bulletin boards containing any sexually arousing material, including child pornography.

Defendant argues that this condition is vague and overbroad and an excessive deprivation of liberty. The term "sexually arousing material"

8

is uncertain, and placing a total ban on the defendant from receiving or transmitting any pornography via the internet, nor visit any website or bulletin boards containing any sexually arousing material, or from visiting chatrooms, is an excessive deprivation of the defendant's liberty. The Court did not explain why it was imposing a broad ban that by its terms includes even legal adult pornography, nor did it make any findings to justify this ban. The Court simply gave no reason at all for why the defendant's conduct warranted imposing a broad ban on all "sexually arousing material", even that involving only adults. **Gall v. United States,** 552 U.S. 38, 50, 128 S.Ct. 586, 169 L.Ed 2d 445 (2007) (sentencing judge "must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing"); **United States v. Johnson,** 612 F.3d 889, 897 (7th Cir. 2010)(vacating sentence and remanding for resentencing where record did not reveal an adequate explanation for chosen sentence). In **United States v. Shannon,** 743 F.3d 496 (7th Cir.2014) the Court Appeals vacated for unconstitutionally vague and overbroadness a ban on all sexually explicit material.

(j) In item number ten of the motion to modify conditions of supervised release the defendant asks the Court to eliminate or modify the special condition of supervised release that states that the defendant shall pay for participating in a sex offender treatment program.

Defendant argues that this condition is vague. Again, understood literally, this condition requires the defendant to bear the expense of complying with this condition, and nothing is said about what will happen if he can't pay. Will his supervised release be revoked because he won't be able to comply with this condition? Or will the government pay for the services? see;**United States v. Siegel,** 753 F.3d 705 (7th Cir. 2014).

(k) In item number eleven of the motion to modify the conditions of supervised release the defendant asks the Court to eliminate or modify the special condition of supervised release that states that the defendant shall neither possess nor have under his control any material legal or illegal, that contains nudity or that depicts or alludes to sexual activity or depicts sexually arousing material.

Defendant argues that this condition is vague and overbroad, and an excessive deprivation of his liberty. A condition of supervised release is unconstitutionally vague if it would not afford a person of reasonable intelligence with sufficient notice as to the conduct that is prohibited. "United States v. Schave, 186 F.3d 839, 843 (7th Cir 1999); see also United States v. Adkins 743 F.3d 176 (7th Cir. 2014). United States v. Guagliardo, 278 F.3d 868, 872 (9yh Cir. 2002))"A probationer, however, has a separate due process right to conditions of supervised release that are sufficiently clear to inform him of what conduct will result in his being returned back to prison.") Moreover, unlike obscenity and child pornography, pornographic materials enjoy First Amendment protection, which means that the Court should be more sensitive to the possible overbreadth of the condition as well. see; United States v. Williams, 553 U.S. 286, 288 128 S.Ct. 1830, 170 L.Ed 2d 650 (2008); United States v. Loy, 237 F.3d 251, 259 (3rd Cir. 2001) ("When a statute is vague and arguably involves protected conduct, vagueness analysis will necessarily intertwine with overbreadth analysis." see also 18 U.S.C. & 3583(noting that conditions of supervised release must, inter alia, be "reasonably related" to the &3553(a) sentencing factors and must "involve no greater deprivation of liberty than is reasonably necessary").

10

In United States v. Goodwin, 717 F.3d 511 (7th Cir. 2013), the Court Of Appeals struck down a condition of supervised release that said: "You shall neither possess nor have under your control any material legal or illegal, that contains nudity or that depicts or alludes to sexual activity or depicts sexually arousing material." This dictate goes beyond a ban on the possession of pornography. If read literally, the inclusion of this term could block the defendant from possessing much of the Western Literary canon or arguably even from possessing a slip copy of a Court opinion. Such a deprivation of liberty certainly would be greater than is reasonably necessary to achieve the goals of supervised release. United States v. Monteiro, 270 F.3d 465, 473 (7th Cir. 2001) (vacating a "vague and overbroad" special condition to enable the district court"to craft more precisely" the condition). As in Goodwin, Goodwin found that the special condition in that case could not survive irrespective of whether plai-error review or abuse of discretion review applied, and should compel the same result here.

(1) In item number tweleve of the motion to modify conditions of supervised release the defendant asks the court to modify the term of supervised release that was imposed.

Defendant argues that the court was in error by imposing a lifetime term of supervised release. The statutory supervised release range in this case was 5 years to life, with the guidelines policy statement recommending the maximum term because the case involved sex offenses. See U.S.S.G. & 5D1.2(b)(2). The Court imposed the maximum term (life) but did not provide any reason for why he felt a life term of supervised release was appropriate. The defendant contends this was an error requiring reversal. see; Gall v. United States, 522 U.S. 38, 50, 128 S.Ct. 586 169 L.Ed 2d 445 (2007); also; United States v.

Poulin 745 F.3d 796 (7th Cir. 2014).

## CONCLUSION

The defendant has identified numerous conditions with troublesome provisions, because the Court will retain jurisdiction over this case for many years, it will have the power to amend the conditions of supervised release at any time and is in a superior position to write new conditions if it chooses. The need for the Court to hold a hearing on this Motion before the defendant actually begans to serve out his term of supervised release is because once the defendant is serving supervised release, he typically will find himself without the right to Counsel and may lack the legal sophistication to recognize the potential infirmities in the conditions he has been ordered to obey. Also, in an effort to avoid the ire of the probation officer and judge who hold his liberty in their hands, the unrepresented defendant on supervised release may opt to forgo his right to request modification, and either attempt to abide by an overbroad condition or ignore the condition and hope it is not discovered.

**WHEREFORE**, pursuant to the Federal Rules Of Criminal Procedure Rule 32.1(c) and 18 U.S.C. & 3563(c), the defendant prays that the Court will grant this motion and schedule a hearing to where the defendant is present, and either eliminate or modify the conditions of supervised release imposed in this case. The defendant has a due process right to be present at a hearing to modify conditions of his supervised release, and further states that none of the conditions imposed can be imposed in favor of the defendant which would warrant

modifying the conditions of supervised release without the defendant being present at any hearing. Any deprivation of the defendant's liberty deserves argument or objection and that cannot be done if the defendant is not present at any hearing that may result from the filing of this motion.

Respectfully Submitted,

*Ronald A. Seiver*

Ronald A. Seiver, defendant

CERTIFICATE OF SERVICE

I, Ronald A. Seiver, hereby certify that I mailed a true and correct copy of this memorandum in support of motion to modify conditions of supervised release to the Clerk of the Court on this 26 day of June, year 2015 via the United States Postal Service postage pre-paid.

*Ronald A. Seiver*

Ronald A. Seiver, #17217-026
United States Penitentiary
P.O. Box 1000
Marion, IL 62959

13