UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff<br><br>vs.<br><br>RONALD A. SEIVER,<br>        Defendant | Case No. 10-CR-40091 |

### Order

Before the Court is *Pro Se* Defendant Ronald A. Seiver's Motion to Modify Conditions of Supervised Release pursuant to 18 U.S.C. § 3563(c) and Fed. R. Crim. P. 32.1(c) [63], and Memorandum of Law in support of that motion [64], filed on July 6, 2015.

The Defendant, Ronald A. Seiver, was sentenced on November 30, 2011, in the United States District Court for the Central District of Illinois. Defendant pled guilty to charges of possession of child pornography and exploitation of a child, and was sentenced to a term of lifetime supervised release, including thirteen (13) standard conditions of supervised release and eight (8) special conditions of supervised release.

Defendant now brings his motion to eliminate or modify these special conditions, most of which he claims to be "vague and overbroad" pursuant to United States v. Thompson, 777 F.3d 368 (7th Cir. 2015). Moreover, Defendant argues that some conditions are not "reasonably related" to the defendant's charge. Id., at 376. Defendant asserts that he is entitled to a hearing per Fed. R. Crim. P. 32.1(c) and maintains that he did not object to the conditions of supervised release because he was unaware of the conditions until the day of sentencing. Defendant argues that he did not have an opportunity to object because he relied on counsel, and therefore, his failure to object should not prejudice his motion pursuant to Fed. R. Crim. P. 51(b).

**Discussion**

In the instant case, the Defendant entered a Blind Plea on May 13, 2011, to Count 1, Possession of Child Pornography; and, Count 2, Sexual Exploitation of a Child. He reserved the right to appeal the Court's April 14, 2011, decision denying his Motion to Suppress Evidence. He was sentenced on November 30, 2011 to the custody of the BOP for 120 months on Count 1 and 300 months on Count 2, to run consecutive to Count1. He filed his notice of appeal on December 5, 2011 , and on August 28, 2012, the Seventh Circuit Court of Appeals affirmed. The Mandate then issued on September 19, 2012.

The Defendant did not appeal the sentence or conditions of supervised release.  The Seventh Circuit, however, has held that even in an instance where there is a waiver of appellate review, there are due process exceptions that permit a court to review a condition of supervised release. United States v. Adkins, 743 F.3d 176, 192-93 (7th Cir.) cert. denied, 134 S. Ct. 2864, 189 L. Ed. 2d 823 (2014), *citing* United States v. Bownes, 405 F.3d 634, 637 (7th Cir.2005). ("Our cases establish that there are at least some due process exceptions to a waiver of appellate review.")  In fact, there are "multiple rationales for these exceptions, such as fundamental fairness to the particular defendant and the fundamental legitimacy of the judicial process generally." Id., at 193. Consequently, "[t]hese rationales apply to obviously vague special conditions as well." Id. Likewise, "[i]f the defendant cannot reasonably know what he is and is not allowed to do, he should be able to obtain judicial review." Id.

Pursuant to 18 U.S.C. § 3583(e)(2), the district courts have authority to modify, reduce, or enlarge conditions of supervised release before the term has expired. *See* United States v. Lilly, 206 F.3d 756, 761-62 (7th Cir. 2000). According to 18 U.S.C. § 3583, a court may:

> (2) extend a term of supervised release if less than the maximum authorized term was previously imposed, and may modify, reduce, or enlarge the conditions of supervised

2

release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision."

The district courts "have wide discretion in modifying the terms of that supervised release." United States v. Sines, 303 F.3d 793, 800 (7th Cir.2002) (citation omitted). A sentencing judge may revisit the conditions of supervised release if there is a motion to modify the conditions. *See* United States v. Kappes, 782 F.3d 828, 838 (7th Cir. 2015).

In its recent decisions, the Seventh Circuit has sought to address certain aspects of supervised release, with the aim of imposing conditions that are "properly- noticed, supported by adequate findings, and well-tailored to serve the purposes of deterrence, rehabilitation, and protection of the public." Id., at 835-36. *See also* United States v. Pollard, 61 F.3d 906 (7th Cir. 1995); United States v. Dempsey, 180 F.3d 1325, 1325-26 (11th Cir. 1999). As Defendant noted, the Seventh Circuit has now held multiple standard conditions of supervised release to be impermissibly and fatally vague. Conditions of supervised release may not be vague because the individual with whom they are concerned is entitled to know "what conduct is lawful and what could land him back in prison for violating his supervised release conditions." United States v. Adkins, 743 F.3d 176, 193 (7th Cir.) cert. denied, 134 S. Ct. 2864, 189 L. Ed. 2d 823 (2014).

Accordingly, this Court retains jurisdiction to entertain a Motion to Modify Conditions of Supervised Release pursuant to 18 U.S.C. 3583(e). The Seventh Circuit has stated "[u]nder Federal Rule of Criminal Procedure 32.1(b), a person may request a modification of the terms of the person's supervised release, and the district court has the authority to entertain such a motion." United States v. Monteiro, 270 F.3d 465, 472 (7th Cir. 2001). *See also* Fed. R. Crim. P. 32.1(b), *and also* Advisory Committee Note ("[t]he probationer should have the right to apply to the sentencing court for a clarification or change of conditions.").

Given the circumstances of this case, including a lengthy prison sentence (projected release in 2041), and the lifetime imposition of supervised release, the Court believes as the Seventh Circuit has previously stated in <u>Siegal</u>, that while not mandated by statute or the guidelines, a hearing on the eve of the defendant's supervised release would be the proper occasion to consider whether to modify one or more of the conditions in light of any changed circumstances brought about by the defendant's experiences in prison or changes in the law.

Having said that, it is also unrealistic to schedule a hearing at this time that would not be held until sometime in the year 2041. Therefore, the Defendant's Motion to Modify Conditions of Supervised Release as filed is stricken with leave to refile at some point on the eve of his release from custody from the Bureau of Prisons.

ENTERED this 27th day of July, 2015.

<u>s/ James E. Shadid</u>
James E. Shadid
Chief United States District Judge
